**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
                                  (State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**

   CAYP, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   8 1 – 3 2 3 6 8 6 9

4. **Debtor's address**

   **Principal place of business**

   4341   West 108th Street
   Number   Street

   Hialeah          FL    33018
   City             State  ZIP Code

   Miami-Dade
   County

   **Mailing address, if different from principal place of business**

   400   Technology Ct. Ste R
   Number   Street

   P.O. Box

   Smyrna         GA    30082
   City           State  ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number   Street

   _____
   City           State  ZIP Code

5. **Debtor's website (URL)**

   N/A

Debtor    CAYP, LLC
_____
Name

Case number *(if known)*_____

---

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>4</u>   <u>2</u>   <u>3</u>   <u>2</u>

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply:*
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes. District _____ When _____ Case number _____
                                     MM / DD / YYYY
           District _____ When _____ Case number _____
                                     MM / DD / YYYY

---

Debtor   CAYP, LLC _____   Case number *(if known)* _____
         Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☑ Yes.

    Debtor   See attached Exhibit A. _____   Relationship   Affiliate _____

List all cases. If more than 1, attach a separate list.

    District   Delaware _____   When   07/08/2025 _____
                                                MM / DD / YYYY

    Case number, if known   _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                      Number      Street

                      _____

                      City                    State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

              Contact name _____

              Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

| Debtor | CAYP, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**15. Estimated assets**

- ☑ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,000-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☑ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,000-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 07/08/2025
MM / DD / YYYY

✗ /s/ Randall Jackson

Signature of authorized representative of debtor

Randall Jackson
Printed name

Title Group President and Chief Executive Officer

**18. Signature of attorney**

✗ /s/ Matthew B. Harvey

Signature of attorney for debtor

Date 07/08/2025
MM / DD / YYYY

Matthew B. Harvey
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201      N. Market Street, 16th Floor
Number    Street

Wilmington                              DE        19801
City                                    State     ZIP Code

302-658-9200                            mharvey@morrisnichols.com
Contact phone                           Email address

5186                                    Delaware
Bar number                              State

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| MOSAIC COMPANIES, LLC, | Case No. 25-_____ (___) |
| Debtors.[1] | Joint Administration Requested |

## EXHIBIT A

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq., in the United States Bankruptcy Court for the District of Delaware.  The Debtors have moved for joint administration of their cases under the case number assigned to the chapter 11 case of Mosaic Companies, LLC.

- Mosaic Companies, LLC
- Surfaces Southeast Holdco, LLC
- Mosaic Midco, LLC
- Retile, LLC
- Wallec Enterprises, LLC
- CAYP, LLC
- Surfaces Southeast, LLC
- Walker & Zanger, LLC
- WZCA Holdings, LLC
- Mustang Stone Quarries, LLC

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Mosaic Companies, LLC (0759); Surfaces Southeast HoldCo, LLC (8822); Mosaic Midco, LLC (0759); Retile, LLC (7285); Wallec Enterprises, LLC (4482); CAYP, LLC (6869); Surfaces Southeast, LLC (9283); Walker & Zanger, LLC (6215); WZCA Holdings, LLC (9859); Mustang Stone Quarries, LLC (9922).  The Debtors' mailing address is 400 Technology Ct. Ste R, Smyrna, GA 30082.

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   Mosaic Companies, LLC |
| United States Bankruptcy Court for the:      District of Delaware |
| Case Number (If known):      25-xxx1 |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   TILE MATRIX LLC 7911 SW 157TH COURT MIAMI, FL  33193 | CONTACT: NIMESH PHONE: (305) 338-6621 SALES@TILEMATRIX.COM; NIMESH@TILEMATRIX.COM | IMPORT SUPPLIER | | | | $298,083.67 |
| 2   DELTAKER, S.A. AVDA. CASTILLA-LA MANCHA 7 ONDA, CASTELLON  12200 SPAIN | CONTACT: MIGUEL TAUS PHONE: +34 964 776 240 ADMINISTRACION@DELTAKER.COM; DELTAKER.MIGUEL@DELTAKER.COM | IMPORT SUPPLIER | | | | $252,102.53 |
| 3   TERRENO MIDDLEBROOKE LLC 2335 NW 107TH AVE SUITE MC8 DORAL, FL  33172 | CONTACT: RANDOLPH PETERS PHONE: (415) 655-458 ACQUISITIONS@TERRENO.COM | RENT | | | | $238,128.47 |
| 4   CIFRE CERAMICA S.L. CARRETERA VILLARREAL A ONDA KM 10 ONDA, CASTELLON  12200 SPAIN | CONTACT: MERCEDES REBOLLAR PHONE: +34 687 433 108 MERCHEREBOLLAR@HOTMAIL.COM; MERCHE@CIFRECERAMICA.COM | IMPORT SUPPLIER | | | | $177,327.81 |
| 5   NORTH HILLS INDUSTRIAL PARK, INC. 9595 WILSHIRE BLVD. SUITE 214 BEVERLY HILLS, CA  90212 | CONTACT: ROBERT GERINGER PHONE: (310) 432-1051 ACCOUNTING@GERINGERCAPITAL.COM | RENT | | | | $157,507.10 |

Debtor: Mosaic Companies, LLC                                    Case Number (if known): 25-xxx1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6    CERAMICA DA VINCI, S.L. AV. MEDITERRANEO 67 ONDA, CASTELLON  12200 SPAIN | CONTACT: FRANCISCO LLORENS PHONE: +34 699 307 653 FLLORENS@CERAMICADAVINCI.NET | IMPORT SUPPLIER | | | | $156,366.40 |
| 7    LVG CERAMIC SURFACES SL CTRA VILA-REAL, KM 2.5 ONDA, CASTELLON  12540 SPAIN | CONTACT: ALEX ROMERO PHONE: +34 964 914 181 AROMERO@LIVINGCERAMICS.COM | IMPORT SUPPLIER | | | | $142,943.13 |
| 8    MARMI OROBICI GRANITI SPA VIA SANDRO PERTINI, 34 TELGATE, BERGAMO ITALY | CONTACT: ANDREA FINAZZI PHONE: +39 3428 405648 ANDREA@MARMIOROBICI.IT ; | IMPORT SUPPLIER | | | | $132,830.74 |
| 9    ESTUDIO CERAMICO, S.L. PARTIDA RACHINA S/N SANT JOAN DE MORO, CASTELLON 12130 SPAIN | CONTACT: JULIAN TORNERJOSE RAMON VILAR PHONE: +34 964 328 187 JVILAR@ECERAMICO.COM | IMPORT SUPPLIER | | | | $87,193.19 |
| 10   GR MARMI VIALE D.ZACCAGNA AVENZA CARRARA  6–54031 ITALY | CONTACT: DAVID PESELLI PHONE: +39 345 3730821 DAVID@GRMARMI.IT | IMPORT SUPPLIER | | | | $85,913.76 |
| 11   ROSE ART MOSAIC CO., LTD. 50 XINDI RD. KAIPING GUANGDONG  529300 CHINA | CONTACT: VITA ZHAN PHONE: +86 138 2625 8628 V.ZHAN@ROSEMOSAIC.COM | IMPORT SUPPLIER | | | | $84,153.78 |
| 12   NAVARTI CERAMICA S.L.U. CTRA ONDA VILLAREAL KM 3.5 ONDA, CASTELLON  12200 SPAIN | CONTACT: JUAN BORREROCRISTINA LOZANO PHONE: +34 964 776 262 JBORRERO@NAVARTI.COM; CLOZANO@NAVARTI.COM | IMPORT SUPPLIER | | | | $78,797.94 |
| 13   MICHELANGELO MARMORES DO BRASIL R KS-2, 1884 - 2144 QUATRO BARRAS, PARANA 83420 BRAZIL | CONTACT: MARCELLO ZICARELLI PHONE: (41) 3021-6000 MARCELLO.ZICARELLI@MICHELANGELO.COM.BR | IMPORT SUPPLIER | | | | $77,813.59 |
| 14   CERAMICA ESTILKER, S. L. PI EL COLOMER, C/ CASTILLA LEON S/N, ONDA, CASTELLON  12200 SPAIN | CONTACT: MANUEL FORTUNO PHONE: (667) 479-720 MANUEL@CERAMICAESTILKER.COM | IMPORT SUPPLIER | | | | $77,480.75 |
| 15   AMAGRAN IMPORTACAO E EXPORTACAO LTDA ROD. CAMILO COA S/N - ES 488 KM 8.5 REGIAO MONTE LIBANO CACHOEIRO DE ITAPEMIRIM, ES BRAZIL | CONTACT: TALLES BOONE PHONE: (55) 273-317-0351 SALES@AMAGRAN.COM; RENATA@AMAGRAN.COM | IMPORT SUPPLIER | | | | $76,674.91 |
| 16   RL SUNFLOWER PROPERTIES, LLC 517 12TH STREET SANTA MONICA, CA  90402 | CONTACT: ROBERT L. CANNON PHONE: (310) 384-4221 CANNONPROPERTIES9@GMAIL.COM | RENT | | | | $66,809.50 |

Debtor: Mosaic Companies, LLC

Case Number (if known): 25-xxx1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17  MERCURY CERAMICA, S.L. CTRA. ONDA–VILLARREAL, KM 3.4, ONDA, CASTELLON  12200 SPAIN | CONTACT: RAQUEL BLASCO PHONE: +34 964 771 449 RBLASCO@MERCURYCERAMICA.COM | IMPORT SUPPLIER | | | | $63,862.82 |
| 18  FAVORITA S.P.A. MARMI E GRANITI CONTERNO VIA FOSSACAN, 10/A LONIGO  36045 ITALY | CONTACT: STEFANO MODENA PHONE: +39 0444 436311 FAVORITA@GRANITIFAVORITA.COM; STEFANO@GRANITIFAVORITA.COM | IMPORT SUPPLIER | | | | $61,153.50 |
| 19  HASTONE COMPANY L9-09, DUONG NOI NEW URBAN AREA TO HUU STR HADONG DIST, HANOI VIETNAM | CONTACT: THINH DO PHONE: 849 13316510 HASTONE1@VNN.VN | IMPORT SUPPLIER | | | | $58,773.30 |
| 20  SAVINO DEL BENE ITALY SCALI DEL CORSO LIVORNO  557123 ITALY | CONTACT: FABIO CAMICIADOLFO ROSSI PHONE: +39 0586 892473 FABIO.CAMICI@SAVINODELBENE.COM; ADOLFO.ROSSI@SAVINODELBENE.COM | IMPORT FREIGHT | | | | $56,210.66 |
| 21  SECURITAS TECHNOLOGY CORPORATION DEPT CH 10651 PALATINE, IL  60055 | CONTACT: JUSTIN DEYONGE PHONE: (855) 331-0359 JUSTIN.DEYONGE@SECURITAS.COM | SERVICE PROVIDER | D | | | $52,581.32 |
| 22  STONE PROFIT SYSTEMS 1629 NORTH ASHLAND CHICAGO, IL  60622 | CONTACT: CHANDU RUDRARAJU PHONE: (305) 372-9787 ACCOUNTING@STONEPROFITS.COM | SERVICE PROVIDER | | | | $52,578.00 |
| 23  PAZIGRAM PAZINI GRANITOS E MARMORES LTDA ROD. ES 488 – KM 30 SITIO DA SERRA – FRADE-ITAPECOA ITAPEMIRIM, ES BRAZIL | CONTACT: LORRAN BELMOCK PHONE: +55 28 99963 3100 PAZIGRAM@PAZIGRAM.COM.BR | IMPORT SUPPLIER | | | | $52,190.23 |
| 24  CERAMICA VILAR ALBARO, S.L. PARTIDA SALONI 15 SANT JOAN DE MORO, CASTELLON 12130 SPAIN | CONTACT: JOSE ANTONIO SOTO PHONE: +34 964 361 825 NGUILLEN@SALCAMAR.COM | IMPORT SUPPLIER | | | | $51,907.25 |
| 25  WOODALL REALTY COMPANY 3155 ROSWELL RD NE STE 100 ATLANTA, GA  30305 | CONTACT: ORAN WOODALL PHONE: (404) 237-8638 MARIE@WOODALLREALTY.NET; ODW@WOODALLREALTY.NET | RENT | | | | $47,958.76 |
| 27  DUNN TRANSPORT SOLUTIONS INC. 1229 N JOSHUA AVE CLOVIS, CA  93619-8601 | CONTACT: PATRICK DUNN PHONE: (559) 500-1080 AR@DUNNFREIGHT.COM | LOCAL FREIGHT | | | | $47,870.00 |

Debtor: Mosaic Companies, LLC

Case Number (if known): 25-xxx1

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27  ALTTOGLASS POL. IND. CASABLANCA, S/N MONCOFAR, CASTELLON  12593 SPAIN | CONTACT: MYRIAM CHAUSSE PHONE: (964) 577-878 EXPORT@ALTTOGLASS.COM | IMPORT SUPPLIER | | | | $47,473.20 |
| 28  FOSHAN CITY HENGYANG TRADING CO., LTD ROOM 609, BUILDING A CHINA-EUROPE E-COMMERCE CITY LECONG TOWN, SHUNDE DISTRICT CHINA | CONTACT: EVA ZHOU PHONE: +86 136 3008 4813 EVA-CHT@QQ.COM | IMPORT SUPPLIER | | | | $47,361.60 |
| 29  JOAQUIM DUARTE URMAL & FILHOS APARTADO 16, 2716-901 PERO PINHEIRO PORTUGAL | CONTACT: PEDRO URMAL PHONE: +351 219 279 179 URMAL@URMAL.COM; CONTABILIDADE.URMAL@MAIL.TELEPAC.PT | IMPORT SUPPLIER | | | | $46,160.34 |
| 30  BESTILE, S.L. PTDA. LA TORRETA, S/N ALCORA, CASTELLON  12110 SPAIN | CONTACT: CELSO LOPEZ GOMEZ PHONE: (964) 367-320 SALSASERRA@BESTILE.ES; INFO@BESTILE.ES | IMPORT SUPPLIER | | | | $44,018.54 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| MOSAIC COMPANIES, LLC, | Case No. 25-_____ (___) |
| Debtors.[1] | Joint Administration Requested |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO**
**FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"), the above-captioned debtors and debtors in possession, to the best of their knowledge, information, and belief, hereby states as follows:

1.      Following are the equity interest holders of Debtor Surfaces Southeast Holdco, LLC:

| Member | Address | Type and Number of Equity Security |
|---|---|---|
| Baupost Private Investments A-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class B Units: 3,375,605.47 |
| Baupost Private Investments B-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class B Units: 1,315,170.96 |
| Baupost Private Investments C-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class B Units: 8,515,731.98 |
| Baupost Private Investments H-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class B Units: 478,576.10 |

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Mosaic Companies, LLC (0759); Surfaces Southeast HoldCo, LLC (8822); Mosaic Midco, LLC (0759); Retile, LLC (7285); Wallec Enterprises, LLC (4482); CAYP, LLC (6869); Surfaces Southeast, LLC (9283); Walker & Zanger, LLC (6215); WZCA Holdings, LLC (9859); Mustang Stone Quarries, LLC (9922).  The Debtors' mailing address is 400 Technology Ct. Ste R, Smyrna, GA 30082.

| Baupost Private Investments P-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class B Units: 1,706,069.00 |
| Baupost Private Investments Y-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class B Units: 595,480.19 |
| Baupost Private Investments BVI-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class B Units: 1,903,344.64 |
| Baupost Private Investments BVII-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class B Units: 2,484,211.82 |
| Baupost Private Investments BVIII-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class B Units: 1,337,090.48 |
| Baupost Private Investments BVIV-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class B Units: 14,821,246.07 |
| Albert Claramonte | 85 Palm Avenue Miami Beach, FL 33139 | Class A Units: 840,000.00 |
| Surfaces Founder Holdings, Inc. | 1530 NW 98th Street, Suite 101 Doral, FL 33172 | Class A Units: 34,260,000.00 |

2.     Following are the equity interest holders of Debtor Mosaic Companies, LLC:

| Member | Address | Type and Number of Equity Security |
|---|---|---|
| Surfaces Southeast Holdco, LLC | 400 Technology Ct. Ste R Smyrna, GA 30082 | Class A Units: 5,847,158.71<br><br>Class B Units: 1,632,526.71 |
| WZ Holdco, Inc. | 850 New Burton Road Suite 201 Dover, DE 19904 | Class A Units: 205,305.79<br><br>Class B Units: 114,971.24<br><br>Class D Units: 400,000.00 |
| Baupost Private Investments A-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class D Units: 2,310,000.00 |

| | | |
|---|---|---|
| Baupost Private Investments B-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class D Units: 900,000.00 |
| Baupost Private Investments C-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class D Units: 5,827,500.00 |
| Baupost Private Investments H-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class D Units: 327,500.00 |
| Baupost Private Investments P-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class D Units: 1,167,500.00 |
| Baupost Private Investments Y-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class D Units: 407,500.00 |
| Baupost Private Investments BVI-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class D Units: 1,302,500.00 |
| Baupost Private Investments BVII-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class D Units: 1,700,000.00 |
| Baupost Private Investments BV-VIII, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class D Units: 915,000.00 |
| Baupost Private Investments BVIV-1, L.L.C. | 10 St. James Avenue, Suite 1700 Boston, MA 02116 | Class D Units: 10,142,500.00 |

3.      Debtor Retile, LLC, is 100% owned by Debtor Mosaic Companies, LLC.

4.      Debtor Mosaic Midco, LLC, is 100% owned by Debtor Mosaic Companies, LLC.

5.      Debtors Wallec Enterprises, LLC, CAYP, LLC, Surfaces Southeast, LLC, and Walker & Zanger, LLC, are each 100% owned by Mosaic Midco, LLC.

6.      Debtor WZCA Holdings, LLC, is 100% owned by Debtor Walker & Zanger, LLC.

7.      Debtor Mustang Stone Quarries, LLC, is 100% owned by Debtor Walker & Zanger, LLC.

**JOINT WRITTEN CONSENT**
**OF THE BOARDS OF MANAGERS**
**OF**

**SURFACES SOUTHEAST HOLDCO, LLC**
(Delaware limited liability company),

**-AND-**

**MOSAIC COMPANIES, LLC**
(Delaware limited liability company),

**-AND-**

**WRITTEN CONSENT MOSAIC COMPANIES, LLC,**
**AS THE SOLE MEMBER OF EACH**
**OF**

**MOSAIC MIDCO, LLC**
(Delaware limited liability company), and

**RETILE, LLC**
(Delaware limited liability company),

**-AND-**

**WRITTEN CONSENT OF**
**MOSAIC MIDCO, LLC,**
**AS THE SOLE MEMBER OF EACH OF**

**WALLEC ENTERPRISES, LLC**
(Delaware limited liability company),

**CAYP, LLC**
(Florida limited liability company),

**SURFACES SOUTHEAST, LLC**
(Florida limited liability company), and

**WALKER & ZANGER, LLC**
(Delaware limited liability company),

**-AND-**

**WRITTEN CONSENT OF**
**WALKER & ZANGER, LLC,**

**AS THE SOLE MEMBER OF EACH OF**

**WZCA HOLDINGS, LLC**
(Delaware limited liability company), and

**MUSTANG STONE QUARRIES, LLC**
(Oklahoma limited liability company)

July 7, 2025

Each of the undersigned, as set forth on the signature pages hereof, acting in his, her or its capacity as a duly elected Manager of Surfaces Southeast HoldCo, LLC, a Delaware limited liability company ("**SSE HoldCo**"), and Mosaic Companies, LLC, a Delaware limited liability company (the "**Company**"); the Company, acting in its capacity as sole member of each of Mosaic Midco, LLC, a Delaware limited liability company ("**Midco**"), and Retile, LLC, a Delaware limited liability company ("**Retile**"); Midco, acting in its capacity as sole member of each of Wallec Enterprises, LLC, a Florida limited liability company ("**Wallec**"), Surfaces Southeast, LLC, a Florida limited liability company ("**Surfaces Southeast**"), CAYP, LLC, a Florida limited liability company ("**CAYP**"), and Walker & Zanger, LLC ("**Walker Zanger**"), a Delaware limited liability company; and Walker Zanger, acting in its capacity as sole member of each of WZCA Holdings, LLC ("**WZCA**"), a Delaware limited liability company, and Mustang Stone Quarries, LLC, an Oklahoma limited liability company ("**Mustang**" and collectively with Midco, Retile, Wallec, Surfaces Southeast, CAYP, Walker Zanger and WZCA, the "**Subsidiaries**" and each, individually, a "**Subsidiary**" and the Subsidiaries together with the Company, the "**Company Group**") do hereby, pursuant to, as applicable, the Delaware Limited Liability Company Act, Florida Revised Limited Liability Company Act, and Oklahoma Limited Liability Company Act, vote for, adopt, approve and consent to the adoption of the following resolutions and the actions contemplated hereby, it being the understanding and intention that the execution of this written consent is in lieu of the holding of a meeting of the Boards of Managers of SSE HoldCo and the Company (individual, a "**Board**", and together, the "**Boards**"), and a meeting of the sole member of each of the Subsidiaries:

**WHEREAS**, the Boards having reviewed and considered certain materials presented by the management of the Company Group and the Company Group's financial and legal advisors; including, but not limited to, materials regarding the liabilities and obligations of each member of the Company Group, the liquidity of the Company Group, strategic alternatives available to the Company Group, and the effect of the foregoing on the Company Group's business, and the Boards having had an adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to each member of the Company Group;

**WHEREAS**, the Boards having been briefed on the proposed voluntary bankruptcy petition to be filed by each member of the Company Group in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") for relief under the provisions of chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, management, legal advisors, and financial advisors having presented the Boards with the material terms of an agreement for the certain debtor-in-possession financing agreement (together with all exhibits and schedules thereto, the "**DIP Credit Agreement**" and together with such financing obligations, the "**DIP Facility**") with Truist Bank, N.A., as administrative agent (the "**DIP Agent**") and the lender (the "**DIP Lender**"), and associated use of cash collateral, to be further documented in proposed interim and final orders (together, the "**DIP Orders**," and collectively with the DIP Credit Agreement, the "**DIP Documents**") to be submitted for approval of the Bankruptcy Court;

**WHEREAS**, use of the DIP Facility is intended, among other things, for working capital and other general corporate purposes of the Debtors, including the payment of professional fees

and expenses and other administrative expenses in the Cases, as well as the other purposes set forth in the DIP Documents; and

**WHEREAS,** in connection with seeking relief under the provisions of chapter 11 of the Bankruptcy Code, the Boards propose to undertake a sale of certain of the Company Group's assets and businesses memorialized by a purchase agreement, dated July 3, 2025, by and between the Company, Walker Zanger, and Surfaces Southeast (the "**Sellers**") and WZ Buyer, LLC, and Artivo Surfaces, LLC (the "***APA***"), substantially in the form reviewed by the Boards; and

**WHEREAS,** the Boards have determined that the APA is fair and reasonable, and that it is in the best interests of the Sellers and the Company Group that the Sellers enter into the APA and seek approval of the APA by the Bankruptcy Court.

**WHEREAS,** the Boards having determined to continue, or to have the option to continue, the factoring agreement by and among Surfaces Southeast and Bank of America (the "***BOA Factoring Agreement***"), and the factoring agreement by and among Surfaces Southeast and Citibank N.A. and Citibank Europe PLC (the "***Citibank Factoring Agreement***", and together with BOA Factoring Agreement, the "***Factoring Agreements***"); and

**WHEREAS**, the Boards have determined that the terms of the Factoring Agreements are fair and reasonable, and that it is in the best interest of the Company Group that the Company Group seek approval of the Factoring Agreements by the Bankruptcy Court.

## CHAPTER 11 FILING

**NOW THEREFORE, BE IT RESOLVED**, that each member of the Company Group file a petition in the Bankruptcy Court seeking relief under the provisions of chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***"), in which the authority to operate as a debtor in possession will be sought, and the filing of such petition is authorized hereby; and it is further

**RESOLVED**, that Randall Jackson and each other officer of the Company Group (the "***Authorized Officers***"), acting individually, are hereby authorized, empowered and directed, directly in the name and on behalf of each member of the Company Group (and on behalf of any member of the Company Group acting on behalf of any Subsidiary thereof) to execute and verify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as said Authorized Officers executing the same shall determine it to be in the best interests of the Company Group, the causing of such action to be conclusive evidence of such determination; and it is further

**RESOLVED**, that the Authorized Officers be, and each hereby is, authorized, empowered and directed in the name and on behalf of each member of the Company Group directly (and on behalf of any member of the Company Group acting on behalf of any Subsidiary thereof), to cause each member of the Company Group, to execute and file or cause to be executed and filed and to delegate or direct others to do so on behalf of any member of the Company Group all documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants, financial advisors or other professionals and to take any and all other action

4

which the Authorized Officers deem necessary or appropriate in connection with the Chapter 11 Cases contemplated hereby, the taking of any such action to be conclusive evidence of such determination and the authority therefor; and it is further

## RETENTION OF ADVISORS

**RESOLVED**, that the law firm of Morris, Nichols, Arsht & Tunnell LLP be, and hereby is, employed under a general retainer to render legal services to, and to represent, the Company Group in connection with the Chapter 11 Cases and any other related matters in connection therewith, on such terms as any Authorized Officers shall approve; and it is further

**RESOLVED**, that Berkley Research Group, LLC be, and hereby is, employed to provide financial advisory services to the Company Group in connection with the Chapter 11 Cases, and any other related matters in connection therewith, on such terms as any Authorized Officers shall approve; and it is further

**RESOLVED**, that the law firm of Eversheds Sutherland US LLP be, and hereby is, employed to render legal services to, and to represent, the Company Group in connection with the APA and any other related matters in connection therewith, on such terms as any Authorized Officers shall approve; and it is further

**RESOLVED**, that Epiq Corporate Restructuring, LLC be, and hereby is, employed to provide claims agent, administrative agent, and solicitation services to the Company Group in connection with the Chapter 11 Cases, and any other related matters in connection therewith, on such terms as any Authorized Officers shall approve, and it is further

## DIP DOCUMENTS

**RESOLVED**, that in connection with the Company Group's Chapter 11 Cases, any Authorized Officers be, and each hereby is, authorized, directed and empowered in the name of and on behalf of each applicable member of the Company Group, as debtor and debtor in possession, to negotiate, agree to, and to the extent applicable, execute and deliver the DIP Documents, with such changes therein and additions thereto as shall be deemed necessary, appropriate, or advisable by any Authorized Person executing the same in the name and on behalf of any such member of the Company Group, such approval to be evidenced conclusively by such execution thereof; and it is further

**RESOLVED**, that the Authorized Officers be, and each hereby is, authorized, directed and empowered in the name of and on behalf of each applicable member of the Company Group, to execute, deliver and perform such other agreements, certificates, instruments, collateral documents, mortgages, guarantees, notices and any and all other documents that the Authorized Officers, or any of them, may deem necessary or appropriate in connection with the DIP Documents and/or the pledge of collateral in connection therewith, the execution by an Authorized Officer to be deemed conclusive evidence of such determination, and such other agreements related to the DIP Documents that the Authorized Officers, or any of them, may deem appropriate for and in the best interests of the applicable members of the Company Group, each on terms that the Authorized Officers, or any of them, may deem necessary, appropriate or advisable for the

consummation of the transactions contemplated thereby and hereby, the execution by the Authorized Officer to be deemed conclusive evidence of such determination; and it is further

## PROPOSED SALE TRANSACTION

**RESOLVED**, that it is appropriate and in the best interests of the applicable members of the Company Group to enter into, execute, deliver and perform the transactions, and any and all other agreements, instruments, and documents necessary, desirable or advisable to carry out the transactions contemplated by the APA, with such changes, additions, and modifications thereto as any such Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof; and it is further

**RESOLVED**, that the form, terms, and provisions of, the execution and delivery of, and the performance of the transactions and obligations contemplated by the APA be, and they hereby are, authorized, approved, and adopted in all respects and any Authorized Officers on behalf of each member of the Company Group is hereby authorized to (i) execute and deliver the APA (ii) perform its obligations thereunder, and (iii) take all actions contemplated thereby; and it is further

**RESOLVED**, that each Authorized Officer be, and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of each Seller and each other applicable member of the Company Group, to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed the APA and all other documents (including without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, and other papers) with such changes therein and additions thereto as such Authorized Officers, in their sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of such document with any changes thereto by such Authorized Officer to be conclusive evidence that such Authorized Officers deemed such changes or additions to meet such standard; and it is further

## FACTORING AGREEMENT

**RESOLVED**, that that it is appropriate and in the best interests of Surfaces Southeast to enter into, execute, deliver and perform the transactions, and any and all other agreements, instruments, and documents deemed necessary or desirable to evidence and secure the obligations under the Factoring Agreements, with such changes, additions, and modifications thereto as any such Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof; and it is further

**RESOLVED**, that the form, terms, and provisions of, the execution and delivery of, and the performance of the transactions and obligations contemplated by the Factoring Agreements, and they hereby are, authorized, approved, and adopted in all respects and any Authorized Officers on behalf of the Surfaces Southeast is hereby authorized to (i) execute and deliver the Factoring Agreements (ii) perform its obligations thereunder, and (iii) take all actions contemplated thereby; and it is further

**RESOLVED**, that each Authorized Officer be, and each of them, acting alone or in any combination, hereby is, authorized and empowered, on behalf of and in the name of the Surfaces Southeast, to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or

filed the Factoring Agreements and all other necessary documents (including without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, and other papers) with such changes therein and additions thereto as such Authorized Officers, in their sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of such document with any changes thereto by such Authorized Officer to be conclusive evidence that such Authorized Officers deemed such changes or additions to meet such standard; and it is further

## FEES AND EXPENSES

**RESOLVED**, that the Authorized Officers be, empowered and directed, in the name and on behalf of each member of the Company Group, to incur and pay or cause to be paid all such fees and expenses as in their or his judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusively to evidence the due authorization; and it is further

## GENERAL

**RESOLVED**, that the Authorized Officers hereby are, authorized, empowered and directed, directly in the name and on behalf of each member of the Company Group (and on behalf of any member of the Company Group acting on behalf of any Subsidiary thereof), to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, certificates, undertakings, instruments and any and all other documents and amendments as in their or his judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the other, hereby is, authorized, empowered and directed, on behalf of and for and in the name of each member of the Company Group, to amend, supplement or otherwise modify from time to time the terms of any agreements, undertakings, documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and it is further

**RESOLVED**, that any and all actions heretofore taken by any member of the Boards or the Authorized Officers consistent with the purpose and intent of the foregoing resolutions are hereby authorized, ratified, approved, confirmed and adopted in all respects as the acts and deeds of the Company Group as fully as if such actions had been presented to the Boards for their prior approval.

This written consent may be executed in any number of counterparts, each of which when executed shall be deemed to be an original, and all of which shall together constitute one and the same instrument.  Counterparts and executed signature pages transmitted by facsimile or any other electronic means shall be valid as originals.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned have duly executed this written consent as of the date first mentioned above:

**BOARD OF MANAGERS OF MOSAIC COMPANIES, LLC**

By: Collin Beecroft

8B4F55FE90024EF...

Collin Beecroft

By: Joseph Izhakoff

A579B2C3E58545F...

Joseph Izhakoff

By: Mark Fikse

9F93000065204C8...

Mark Fikse

By: Jeffrey Varsalone

30B9FD11DBB04E7...

Jeffrey Varsalone

**BOARD OF MANAGERS OF SURFACES SOUTHEAST HOLDCO, LLC**

By: Collin Beecroft

8B4F55FE90024EF...

Collin Beecroft

By: Joseph Izhakoff

A579B2C3E58545F...

Joseph Izhakoff

By: Mark Fikse

9F93000065204C8...

Mark Fikse

By: Jeffrey Varsalone

30B9FD11DBB04E7...

Jeffrey Varsalone

**Fill in this information to identify the case and this filing:**

Debtor Name ___CAYP, LLC___

United States Bankruptcy Court for the: _____ District of ___Delaware___
(State)

Case number (If known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration ___Corporate Ownership Statement and List of Equity Interest Holders___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___07/08/25___          ✗ ___/s/ Randall Jackson___
         MM / DD / YYYY                          Signature of individual signing on behalf of debtor

                                         ___Randall Jackson___
                                         Printed name

                                         ___Group President and Chief Executive Officer___
                                         Position or relationship to debtor